(No. 3069—)

RUTH RATLIFF, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On October 29, 1936 claimant was engaged in the performance of her duties as a house mother at one of the cottages of the Illinois Soldiers' and Sailors' Children's School, Normal, Illinois. On the day stated while attempting to discipline one of the children, a scuffle ensued in which the little finger of claimant's left hand was broken. Immediate medical attention was given and claimant submits that the fracture was properly cared for, but a contracture developed and resulted in Claimant's finger being stiff, and as she alleges it is practically useless in the performance of the duties required of her, and in the use of her hand in her former occu-

pation as a radio performer in playing a guitar. In attempting to obtain relief from the injury, claimant spent one week at the Research and Educational Hospital in Chicago, under the care of Dr. H. B. Thomas, and she seeks reimbursement for railroad fare and expense in connection therewith of $17.55 and $25.00 for medical care rendered to her by Dr. Ray W. Doud, of 205½ North Street, Normal, Illinois, in addition to an award for spcific disability for the loss of use of her finger.

The respondent submits as the first question, whether the employment of claimant was of such a nature as to bring her under the benefits of the Workmen's Compensation Act. Under the previous rulings made by this court as to similar employments in similar institutions, and under the evidence appearing in the record, we find that Respondent was operating said institution and that claimant was employed within the terms of the Workmen's Compensation Act; that the accident arose out of and in the course of her employment, and that she is entitled to the benefits of said Act. At the time of the accident claimant was receiving a salary of Fifty ($50.00) Dollars per month and a maintenance allowance of Twenty Four ($24.00) Dollars per month. The claim was filed within five months after the date of the accident. Claimant was necessarily absent from work as a result of said injury for twelve (12) days, and received full pay for that period. Under Section 8 (d) of the Act, an injured employee is entitled to compensation for total temporary incapacity from the day following the injury, only in case such total temporary incapacity lasts for a period of more than thirty (30) days thereafter. In the present instance such temporary total incapacity only lasted for twelve (12) days, and under Section 8 (b) claimant would not be entitled to compensation for the first seven days. She was therefore entitled to receive compensation for only five-sevenths (5/7) of a week, figured on the basis of $8.54 per week compensation, making $6.10 for the time she was disabled. During this period of twelve (12) days she received her wages in full, which on the basis of $17.08 per week amounted to $29.28, part of which was in cash and part in maintenance. Allowing her maintenance during the entire period of disability, she would have been entitled to $6.10 compensation and $9.49 maintenance, or a total of $15.59. Having received cash and maintenance

of $29.28 for such period, she has received an over-payment therefor of $13.69, which amount should be deducted from any award now to be made. Under Section 8 (a), providing for necessary first-aid, medical and surgical services, an allowance should be made for the $25.00 medical bill and for the sum of $17.55 necessarily expended in obtaining such care. The record does not disclose that claimant had any dependent children under sixteen years of age at the time of the injury, and compensation is based upon one-half of an average weekly wage of $17.08, or $8.54 per week. Claimant contends that her little finger on the left hand is totally and permanently disabled, but except for her own statement, the most favorable testimony for claimant as to the loss of use of her fourth or little finger is that of Dr. Ray W. Doud who testified that the stiffness or ankylosis of the finger joint limits the extension of the finger to about forty-five (45) degrees; that such condition is permanent, and that the disability results in about twenty (20) per cent loss of use thereof.

The compensation to be paid under the Act for the complete loss of use of such finger is on the basis of twenty (20) weeks. Under Section 8 (d) 7, she would be entitled to twenty (20) per cent loss of use of such finger, or to one-fifth (1/5) of twenty (20) weeks, or four (4) weeks times fifty (50) per cent of her average weekly wage, or $34.16. Deducting the $13.69 over-payment of temporary total disability leaves a balance of $20.47 in claimant's favor.

An award is hereby allowed in favor of claimant for the said sum of $20.47; also for $17.55 expenses incurred in connection with medical treatment, making a total of $38.02, and a further award to claimant for the use of Dr. Ray W. Doud, for medical services, in the sum of $25.00.

The full amount of such compensation has heretofore accrued, and is payable in full at this time.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937, p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the General Revenue Fund in the manner provided for in such Act.